

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

UNITED STATES OF AMERICA )
)
)
v. ) 1:20-cr-75
) Judge Collier/Steger
)
IMARI C. GLOVER )
    a/k/a OMAR GLOVER, and )
)
SHELBY N. BEAM )

## INDICTMENT

### COUNT ONE

The Grand Jury charges that from on or about March 7, 2020, to on or about March 9, 2020, in the Eastern District of Tennessee, the defendant, IMARI C. GLOVER a/k/a OMAR GLOVER, knowing that he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess in and affecting commerce, a firearm and ammunition, in violation of Title 18, United States Code, Section 922(g)(1).

### COUNT TWO

The Grand Jury further charges that:

1. At all times material to this Indictment, the Cash Express store located at or near 7431 East Brainerd Road, in Chattanooga, Tennessee, was engaged in commercial activities in interstate commerce and an industry that affects interstate commerce.

2. On or about March 7, 2020, in the Eastern District of Tennessee, the defendants, IMARI C. GLOVER a/k/a OMAR GLOVER and SHELBY N. BEAM, aided and abetted by each other, did unlawfully obstruct, delay and affect and cause the obstruction, delay, and affecting of

1

commerce as that term is defined in Title 18, United States Code, Section 1951, and the movement of articles and commodities in such commerce, by robbery as that term is defined in Title 18, United States Code, Section 1951, of the Cash Express store located at or near 7431 East Brainerd Road, in Chattanooga, Tennessee, and in committing this offense did, by means of actual and threatened force, and violence, and fear of injury, immediate and future, to the person of another, take and cause to be taken from the person and presence of another, money, belonging to and in the custody and possession of the Cash Express store and its owners and employees, all in violation of Title 18, United States Code, Section 1951, and Title 18, United States Code, Section 2.

## COUNT THREE

The Grand Jury further charges that on or about March 7, 2020, in the Eastern District of Tennessee, the defendant, IMARI C. GLOVER a/k/a OMAR GLOVER, did knowingly use and carry and brandish a firearm during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, that is, robbery as charged in Count Two of this Indictment and incorporated fully herein, in violation of Title 18, United States Code, Section 924(c)(1)(A)(ii).

## COUNT FOUR

The Grand Jury further charges that in or about September 2020 and October 2020, in the Eastern District of Tennessee, the defendant, IMARI C. GLOVER a/k/a OMAR GLOVER, did knowingly engage in conduct causing and threatening to cause bodily injury to Shelby Beam with the intent to retaliate against Ms. Beam for providing to a law enforcement officer information relating to the commission of a Federal offense, in violation of Title 18, United States Code, Section 1513(b)(2).

# FOFEITURE ALLEGATIONS

1. The allegations contained in Counts One and Three of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c).

2. Upon conviction of an offense in violation of Title 18, United States Code, Section 922(g)(1) and/or 924(c), as set forth in Counts One and Three of this Indictment, the defendant, IMARI C. GLOVER a/k/a OMAR GLOVER, shall forfeit to the United States pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in the commission of the offense, including, but not limited to, a Springfield Armory XD-9 Compact pistol and ammunition.

3. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).

A TRUE BILL.

████████████████████████

FOREPERSON OF THE GRAND JURY

J. DOUGLAS OVERBEY
United States Attorney

By: _____
Joseph G. DeGaetano
Assistant United States Attorney

4